# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**MICHAEL LAVARNE HOLLINS**                                               **MOVANT**

**V.**                                                          **NO. 2:11CR143-MPM-JMV**

**UNITED STATES OF AMERICA**                                   **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Movant, Michael Hollins, has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The government has responded to the motion. Having considered the pleadings and the record, including the relevant parts of the underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and the instant motion will be denied.

### Relevant History

Michael Lavarne Hollins ("Hollins") pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 and was sentenced on August 1, 2012, to a term of 70 months' imprisonment. He was found subject to an increased offense level under United States Sentencing Guideline ("Guideline") § 2K2.1(a)(2) based upon a finding that his prior Mississippi convictions for aggravated assault and armed robbery each qualified as

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

"crimes of violence" under USSG §4B1.2(a).[2] This finding subjected him to a Guidelines range of 70-87 months' imprisonment based upon an offense level 23 and criminal history category IV.

On or about June 23, 2016, Hollins timely filed the instant motion to vacate his conviction, alleging that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior Mississippi convictions no longer qualify as "crimes of violence" under the Guidelines, as neither conviction is for an enumerated offense, nor does either crime of conviction necessarily have as an element the intentional use, attempted use, or threat of violent physical force. Therefore, he claims, his base offense level punishment was improperly increased based on the determination that he had a prior convictions for "crimes of violence." Inasmuch as the Court has been advised that Hollins has a tentative release date of January 7, 2017, and that an expeditious ruling is requested, the Court is ready to rule.

## Legal Standard

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is

---

[2] Without the prior "crime of violence" finding, Hollins would have an offense level 13 and a criminal history category IV, resulting in a Guidelines range of 24-30 months' imprisonment.

"otherwise subject to collateral attack." 28 U.S.C. § 2255. Collateral attack limits a defendant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## Discussion

Hollins' offense level was increased under Guideline § 2K2.1 after the Court determined his prior Mississippi convictions for aggravated assault and armed robbery qualified as crimes of violence under Guideline § 4B1.2.[3] At the time of Hollins' federal sentencing, § 4B1.2 defined a "crime of violence" as a state or federal offense, punishable by more than one year of imprisonment that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, [elements clause] or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, [enumerated offenses clause] or
> (3) otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause].[4]

Guideline §4B1.2(a).

In *Johnson v. United States*, the United States Supreme Court held the residual clause of

---

[3] *See* Guideline § 2K2.1, comment n.1 ("Crime of violence has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2").

[4] Effective August 1, 2016, the United States Sentencing Commission made changes to the definition of "crime of violence" in Guideline § 4B1.2. *See* United States Sentencing Commission, 2016 Guidelines Manual, available at http://www.ussc.gov/guidelines/2016-guidelines-manual (last visited November 14, 2016).

3

the Armed Career Criminal Act's definition of a violent felony unconstitutionally vague. *Johnson*, 135 S. Ct. at 2257; *see also Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (finding *Johnson*'s holding retroactive to cases on collateral review). In the instant motion, Hollins argues that his prior convictions fail to constitute crimes of violence for Guidelines purposes after *Johnson*, as the predicate convictions qualify only under the residual clause of §4B1.2, which is identically worded to the residual clause rejected in *Johnson*.

The Fifth Circuit has rejected *Johnson*'s application to Guidelines cases. *See, e.g., In re Arnick,* 826 F.3d 787, 788 (5th Cir. 2016); *United States v. Jeffries*, 829 F.3d 769, 769 (5th Cir. 2016) ("[O]ur court has ruled that the Supreme Court has not applied *Johnson*. . . to the career offender sentencing guidelines definition. . .Guideline § 4B1.2(a)(2).").[5] Accordingly, Hollins' motion should be denied.

Moreover, the decision in *Johnson* did not disturb application of the other clauses defining violent crimes, and therefore, Hollins' career offender designation must be upheld if his convictions constitute enumerated crimes of violence, or if they are crimes of violence because they have "as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(a)(1). *See Johnson*, 135 S. Ct. at 2563 (holding that the decision "does not call into question application of the [Armed Career Criminal] Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony").

---

[5] The Supreme Court will soon decide whether *Johnson*'s holding applies to sentences imposed under the Guidelines, and if so, whether *Johnson*'s holding may be retroactively applied to Guidelines cases. *See Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (U.S. Jun. 27, 2016) (granting certiorari).

The Court notes that aggravated assault and robbery are listed as crimes of violence in Application Note 1 of the Commentary to § 4B1.2. When a prior offense is an enumerated offense in the application notes, it "is equivalent in force to the Guidelines language itself as long as the language and the commentary are not inconsistent." *United States v. Esparaza-Perez*, 681 F.3d 228, 229 n.3 (5th Cir. 2012). Hollins argues that the application notes are not freestanding determinations that the stated offenses are crimes of violence, but rather, that the notes attempt to define the residual clause's reach in a practice that is irrelevant and inapplicable after *Johnson*. However, post-*Johnson*, the Fifth Circuit has continued to treat enumerated offenses listed in Application Note 1 of the Commentary to § 4B1.2 as crimes of violence. *See United States v. Flanagan*, 2016 WL 3455950 at *1 (5th Cir. June 23, 2016) (designated unpublished); *United States v. Torres-Jaime*, 821 F.3d 577 (5th Cir. 2016).

Additionally, the Court notes that each of Hollins' prior Mississippi convictions qualify as crimes of violence for Guidelines purposes under the "elements" clause of the Guidelines if the statutory definition of each offense contains an element involving the use of force. *See, e.g., United States v. Dominguez*, 479 F.3d 345, 347 (5th Cir. 2007). If there are disjunctive elements in the statute, court may look at certain records, such as the charging document, to determine which part of the statute formed the basis for the charge. *See, e.g., United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008).

With regard to his aggravated assault conviction, Hollins argues that the statutory definition of the offense requires only the causation of bodily injury, which does not require that the defendant used physical force in committing the offense. In *Johnson v. United States*, 559 U.S. 133 (2010), the Supreme Court clarified that in order for a statute to qualify under the

5

elements clause, the statute must have an element of "physical force," that is, "violent force" capable of causing physical pain or injury to another person. *Id.* at 140.

At the time of his conviction, Mississippi's aggravated assault statute, § 97-3-7(2) provided:

> A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.

Miss. Code Ann. § 97-3-7(2).[6] Hollins' indictment provides he did "willfully, unlawfully, and feloniously purposely, knowingly or recklessly cause extreme bodily injury to [two victims] under circumstances manifesting extreme indifference to the value of a human life, to-wit: by shooting [the victims] with a firearm." Doc. #31-1. The portion of the statute under which Hollins was indicted and convicted requires as an element the use of physical force, and therefore, his aggravated assault conviction qualifies as a crime of violence under the Guidelines.

Hollins also argues that his Mississippi armed robbery conviction does not qualify as a crime of violence, as the statute allows a conviction merely for putting a person in fear, which does not meet the physical force requirement. The statute under which Hollins was convicted provided:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery[.]

---

[6] Aggravated assault is considered a crime of violence under Mississippi law. *See Davis v. State*, 680 So. 2d 848, 851 (Miss. 1996).

6

Miss. Code. Ann. § 97-3-79. An individual can violate this statute by violence or by putting a person in fear of immediate bodily injury by exhibition of a deadly weapon. Either of these methods contain elements of the use, attempted use, or threatened use of physical force. *See United States v. Flores-Gallo*, 625 F.3d 819, 824 (5th Cir. 2010) (holding where statute forming basis of conviction requires as an element at least the threatened use of physical force, it qualifies as a crime of violence under the Guidelines). Therefore, Hollins' armed robbery conviction qualifies as a crime of violence under § 4B1.2.

In sum, the Court concludes that the Fifth Circuit has refused to apply *Johnson* to the career offender provisions of the Guidelines, and it otherwise finds that Hollins' prior Mississippi convictions otherwise qualify as "crimes of violence" under the Guidelines definition.

## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Hollins must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in § 2255 proceeding). The Court finds that a COA should issue in this case.

**Conclusion**

For the reasons set forth herein, the Court **ORDERS** that Hollins' § 2255 motion [30] is **DENIED**. A COA is **GRANTED**. A separate final judgment will enter today.

**SO ORDERED** this 15th day of November, 2016.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**